# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**HAWK TECHNOLOGY SYSTEMS, LLC**                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:18-CV-132-MPM-RP**

**DESOTO COUNTY SCHOOL DISTRICT**                                    **DEFENDANT**

---

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

---

Defendant, DeSoto County School District ("Defendant"), by and through its counsel, submits this its Answer, Affirmative Defenses, and Counterclaim in response to the Complaint filed by the Plaintiff, and would state as follows:

## ANSWER

1.       In response to the allegations set forth in paragraph 1 of the Complaint, Defendant admits only that this suit purports to be an action for infringement of United States Patent No. RE43,462 ('462 Patent), but Defendant denies the merit of this action and/or that it has any liability in this matter whatsoever. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

2.       In response to the allegations set forth in paragraph 2 of the Complaint, Defendant denies any allegations that are inconsistent with the terms of the '462 Patent. Defendant further denies the validity of the '462 Patent.

3.       Defendant is without knowledge or information to form a belief as to the veracity of the allegations set forth in paragraph 3 of the Complaint, and therefore denies the same.

4.       Defendant admits the allegations of paragraph 4 of the Complaint. Defendant is a political subdivision of the State of Mississippi.

5.      Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6.      The allegations set forth in paragraph 6 of the Complaint constitute legal conclusions to which no response is required. In the event and to the extent that it is determined a response is required, Defendant denies the same.

7.      The allegations set forth in paragraph 7 of the Complaint constitute legal conclusions to which no response is required. In the event and to the extent that it is determined a response is required, Defendant denies the same.

8.      Defendant is without knowledge or information to form a belief as to the veracity of the allegations set forth in paragraph 8 of the Complaint, and therefore denies the same.

9.      Defendant is without knowledge or information to form a belief as to the veracity of the allegations set forth in paragraph 9 of the Complaint, and therefore denies the same.

10.     Defendant is without knowledge or information to form a belief as to the veracity of the allegations set forth in paragraph 10 of the Complaint, and therefore denies the same.

11.     Defendant is without knowledge or information to form a belief as to the veracity of the allegations set forth in paragraph 11 of the Complaint, and therefore denies the same.

12.     Defendant is without knowledge or information to form a belief as to the veracity of the allegations set forth in paragraph 12 of the Complaint, and therefore denies the same.

13.     Defendant is without knowledge or information to form a belief as to the veracity of the allegations set forth in paragraph 13 of the Complaint, and therefore denies the same.

14.     Defendant is without knowledge or information to form a belief as to the veracity of the allegations set forth in paragraph 14 of the Complaint, and therefore denies the same.

15.     Defendant is without knowledge or information to form a belief as to the veracity of the allegations set forth in paragraph 15 of the Complaint, and therefore denies the same.

16.     In response to the allegations set forth in paragraph 16 of the Complaint, Defendant denies any allegations that are inconsistent with the terms of the '462 Patent. Defendant further denies the validity of the '462 Patent.

17.     Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18.     Defendant denies the allegations set forth in paragraph 18 of the Complaint. Defendant denies the allegations set forth in the claim chart, attached as Exhibit "A" to the Complaint.

19.     Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21.     Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.     Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23.     Defendant repeats and realleges its foregoing answers and responses as if fully set forth herein.

24.     Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26.     In response to the unnumbered paragraph of the Complaint that begins "WHEREFORE," Defendant denies all allegations therein and all subparts, including subparagraphs A-D. Defendant further specifically denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant has not infringed, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, on any valid and enforceable claim of the '462 Patent.

### Third Affirmative Defense

The claims of the '462 Patent are invalid and void under one or more sections of Title 35, United States Code, including but not limited to §§ 101, 102, 103, 112 and/or 135(b), and for double patenting.

### Fourth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff is precluded under 35 U.S.C. § 252 from enforcing the claims of the '462 Patent under the doctrines of abatement, absolute intervening rights and/or equitable intervening rights.

### Fifth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because the claims of the '462 Patent were amended during the reissuance proceedings causing substantive changes to the scope of the claims.

### Sixth Affirmative Defense

By reason of admissions and statements made to the United States Patent and Trademark Office during the prosecution of the original application and the reissue application that resulted

in the issuance of the '462 Patent, Plaintiff is estopped from claiming infringement by Defendant of one or more claims of the '462 Patent.

## Seventh Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, under the doctrine of patent exhaustion because, among other reasons, Defendant has rights arising from its acquisition, installation and/or use of the video storage and display system at issue prior to the reissuance of the '462 Patent on June 12, 2012.

## Eighth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, by the first sale doctrine and/or the implied license doctrine.

## Ninth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has dedicated to the public all methods, systems, apparatuses and/or products disclosed in the '462 Patent but not literally claimed therein and, thus, Plaintiff is estopped from claiming infringement by any such public domain methods, systems, apparatuses and/or products.

## Tenth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff does not own the '462 Patent and/or does not have standing to assert any claims thereunder.

## Eleventh Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, by the time limitations set forth in 35 U.S.C. § 286.

**Twelfth Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff failed to mark its products as required under 35 U.S.C. § 287 and/or Plaintiff's alleged damages are limited under 35 U.S.C. § 287 to those occurring only after notice of infringement.

**Thirteenth Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff and/or its predecessor(s) did not file a disclaimer of the invalid claims of the '462 Patent in the United States Patent and Trademark Office prior to commencing this action and, therefore, Plaintiff is not entitled to recover any of its costs pursuant to 35 U.S.C. § 288.

**Fourteenth Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, because this is not an exceptional case of patent infringement and, therefore, Plaintiff is not entitled to recover its reasonable attorney's fees, costs and expenses incurred in prosecuting this action.

**Fifteenth Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff is precluded from seeking any alleged damages prior to the date of the alleged assignment of the '462 Patent to Plaintiff.

**Sixteenth Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, because any damages allegedly suffered by Plaintiff were caused by the conduct of third parties over whom Defendant had no control.

#### Seventeenth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or acquiescence.

#### Eighteenth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because Defendant at all times acted in good faith and did not engage in any willful infringement of the '462 Patent pursuant to 35 U.S.C. § 284.

#### Nineteenth Affirmative Defense

Any claim by Plaintiff for damages for patent infringement is limited by 35 U.S.C. § 286 to those damages incurred within the six years before the filing of the complaint through the end of the life of the '462 patent.

#### Twentieth Affirmative Defense

Plaintiff has failed to name one or more necessary parties to this action.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and that Plaintiff's Complaint be dismissed with prejudice in its entirety. Defendant further respectfully requests that it be awarded its reasonable costs, attorney's fees and other such relief as the Court deems just and equitable.

## COUNTERCLAIM

Defendant/Counterclaim-Plaintiff DeSoto County School District ("DeSoto"), by and through its undersigned attorneys, by way of counterclaim against Plaintiff/Counterclaim-Defendant Hawk Technology Systems, LLC ("Hawk Technology Systems"), alleges and says:

## THE PARTIES

1.     DeSoto is political subdivision of the State of Mississippi whose principal address is 5 E. South Street, Hernando, Mississippi 38632.

2.     Upon information and belief, Hawk Technology Systems is a Florida limited liability company with its principal place of business at 2 South Biscayne Boulevard, Suite 3800, Miami, Florida 33131. Upon further information and belief, Hawk Technology Systems is a patent troll, who seeks to profit by means of litigation involving questionable intellectual property claims.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that DeSoto's Counterclaim arises under the United States Patent Act, 35 U.S.C. § 1, et seq.

4.     This Court may declare the rights and other legal relations of the parties involved pursuant to 28 U.S.C. §§ 2201 and 2202 because this action is based on a case of actual controversy within the Court's jurisdiction seeking a declaratory judgment that DeSoto's acquisition and use of the video storage and display products and systems at issue has not infringed, and is not infringing, U.S. Patent No. RE43,462 ('462 Patent) and that the claims of the '462 Patent are invalid.

5.     Venue for DeSoto's Counterclaim properly lies in this Court pursuant to 28 U.S.C. § 1391(b).

## COUNT ONE

### (Declaratory Judgment of Non-Infringement)

6.     Hawk Technology Systems claims that the '462 Patent was reissued on June 12, 2012, by the United States Patent and Trademark Office. Hawk Technology Systems also claims to be the assignee and owner of all rights, title and interest in the '462 Patent.

7.     Hawk Technology Systems has alleged that DeSoto has infringed, and continues to infringe, the '462 Patent.

8.     DeSoto denies that the video storage and display products and systems that it acquired and utilizes infringe any claims of the patent-in-suit, either literally or by application of the doctrine of equivalents.

9.     Therefore, an actual, present and genuine and justiciable controversy exists between Hawk Technology Systems and DeSoto over the alleged infringement of the '462 Patent.

## COUNT TWO

### (Declaratory Judgment of Invalidity)

10.     DeSoto repeats the allegations of the foregoing paragraphs of this Counterclaim as if set forth at length herein.

11.     Hawk Technology Systems has alleged that the '462 Patent is valid and enforceable as against DeSoto.

12.     DeSoto denies that the '462 Patent is valid and enforceable. Among other things, DeSoto contends that the '462 Patent is invalid under one or more sections of Title 35, United

States Code, including, but not limited to, §§ 101, 102, 103, 112 and/or 135(b), and for double patenting.

13.     Therefore, an actual, present and genuine and justiciable controversy exists between Hawk Technology Systems and DeSoto over the validity of the '462 Patent.

### COUNT THREE

### (Declaratory Judgment of Intervening Rights)

14.     DeSoto repeats the allegations of the foregoing paragraphs of this Counterclaim as if set forth at length herein.

15.     United States Patent No. 5,625,410 ('410 Patent) issued on April 1997.

16.     On or about April 28, 1999, a reissue application of the '410 Patent was filed with the United States Patent and Trademark Office.

17.     During the prosecution of the reissue, the patent applicants amended the language and scope of the claims of the '410 Patent and also added new claims.

18.     On or about June 12, 2012, the '462 Patent was issued.

19.     The '462 Patent has substantially different claims than the '410 Patent.

20.     At the time of the issuance of the '462 Patent, DeSoto had already acquired and been using at least some of the video storage and display products and systems at issue for some time.

21.     Therefore, DeSoto is entitled to absolute and/or equitable intervening rights pursuant to 35 U.S.C. § 252.

WHEREFORE, DeSoto County School disitrct requests entry of a Judgment:

(a)     Dismissing the Complaint with prejudice;

(b)     Declaring that DeSoto's acquisition and use of the video storage and display products and systems at issue has not infringed, does not infringe and will not infringe any valid claim of the '462 Patent;

(c)     Declaring that the claims of the '462 Patent are invalid;

(d)     Declaring that DeSoto has absolute and/or equitable intervening rights to the '462 Patent;

(e)     Finding that this case is exceptional under 35 U.S.C. § 285;

(f)     Enjoining Hawk Technology System, its officers, agents, employees, representatives, counsel and all persons in active concert or participations with any of them, directly or indirectly, from threatening or charging infringement of, or instituting or maintaining any action for infringement of, the '462 Patent against DeSoto on account of DeSoto's acquisition and use of the video storage and display products and systems at issue;

(g) Awarding DeSoto its costs of suit, including attorney's fees and expert witness fees; and

(h) For such other and further relief as the Court deems just and equitable.

Respectfully submitted, this the 6th day of September, 2018.

DeSoto County School District, Defendant

By:     /s/ Adam V. Griffin
        James A. Keith (MSB #3546)
        Adam V. Griffin (MSB #103560)

OF COUNSEL:

ADAMS AND REESE, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Phone: (601) 353-3234
jim.keith@arlaw.com
adam.griffin@arlaw.com

**CERTIFICATE OF SERVICE**

       I hereby certify I have this day electronically filed the foregoing Answer, Affirmative Defenses, and Counterclaim with the Clerk of Court by using the ECF system, which will send a notice of the electronic filing to all counsel or parties in this matter, including:

Frank J. Dantone
Henderson Dantone, P.A.
P.O. Box 778
Greenville, MS 38702

This, the 6th day of September, 2018.

                                         /s/ Adam V. Griffin
                                         Adam V. Griffin